**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5287-17T2

TERRY PEIFER,

      Plaintiff-Appellant,

v.

CLARENCE MESDAY,

      Defendant-Respondent.

_____

> Submitted March 26, 2019 – Decided May 1, 2019
>
> Before Judges Yannotti and Gilson.
>
> On appeal from Superior Court of New Jersey, Law Division, Mercer County, Docket No. L-1019-17.
>
> Markowitz Law Firm, LLC, attorneys for appellant (Joshua L. Markowitz, on the briefs).
>
> Sweet Pasquarelli, PC, attorneys for respondent (Donald A. Mahoney, on the brief).

PER CURIAM

Plaintiff Terry Peifer appeals from an order entered by the trial court on April 13, 2018, which granted a motion by defendant Clarence Mesday for summary judgment and dismissed the complaint and all cross-claims against him. Plaintiff also appeals from an order dated May 25, 2018, which denied her motion for reconsideration. We affirm.

This dispute arises from the following facts. On June 11, 2015, while walking her dog, plaintiff tripped and fell on the sidewalk bordering the front yard of defendant's residential property. Plaintiff sustained injuries to her face, lip, teeth, jaw, arms and legs. Defendant's daughter was inside defendant's home when plaintiff fell. After hearing a noise and seeing plaintiff lying on the ground, she went outside to help. She assisted plaintiff and drove her home.

On May 15, 2017, plaintiff filed a complaint in the Law Division. She alleged that defendant "negligently and carelessly own[ed], occup[ied], operate[d], and/or maintain[ed] the . . . sidewalk" bordering his property "so as to cause a dangerous condition to exist thereon." She claimed that her injuries "occurred as a result of and w[ere] proximately caused by the careless, negligent, grossly negligent, and reckless conduct of . . . [d]efendant[.]"

On March 1, 2018, defendant filed a motion for summary judgment. On April 13, 2018, the judge heard oral arguments on the motion. During the

arguments, defendant's attorney noted that plaintiff had alleged that a tree had been planted in defendant's front yard, but the sidewalk adjacent to the place where the tree had been located was not in a raised condition. Defendant's attorney argued that even assuming defendant or a prior owner of the property had planted the tree, there was no evidence that the roots of the tree "caused or contributed to the" alleged dangerous condition of the sidewalk.

Plaintiff's attorney responded by noting that in the complaint, plaintiff had not "tied the tree to the defect in the sidewalk." Plaintiff's attorney said this was an issue defendant had raised. He stated, "that's not our theory[.]" He also said, "[o]ur theory was just that there was a defect on the sidewalk that . . . the defendant never fixed[,] . . . even though the defendant knew of the defect[.]"

In an oral opinion placed on the record, the judge noted that he had considered the evidence, including photographs of the sidewalk. The judge found that the evidence showed the sidewalk "was buckled," and that "[i]t's got about an inch or an inch and a half lip on it." The judge stated that plaintiff claimed she tripped on the buckled sidewalk and was injured.

The judge concluded, however, that plaintiff failed to present any evidence that would permit a fact-finder to determine defendant was negligent. The judge noted that a tree had been located near the sidewalk, but it had been

3

removed in 2013. The judge observed that there was no evidence indicating whether the tree had been planted by defendant, the previous homeowner, the builder of the home, or the neighborhood.

The judge stated that "if [plaintiff's] theory [was] that the sidewalk was put into a dangerous position as a result of the tree, there would be no way to attach liability to . . . defendant[] because there's no indication [he] actually did anything wrong." The judge also stated that although the sidewalk was buckled and raised about one and one-half inches, there was no evidence that the condition of the sidewalk was due to any negligence on the part of defendant.

The judge entered an order dated April 13, 2018, granting summary judgment in favor of defendant. Plaintiff thereafter filed a motion for reconsideration. On May 25, 2018, the judge heard oral arguments on the motion.

Plaintiff's attorney argued that a photo taken two years before the accident, which defendant's attorney had referred to during the argument on the summary judgment motion, showed a tree adjacent to the sidewalk. Plaintiff's counsel argued that it was reasonable to infer that the roots from the tree would extend to the sidewalk. Counsel asserted that if defendant planted the tree, he would be liable for plaintiff's injuries.

4

In response, defendant's attorney noted that during the prior arguments, plaintiff's counsel did not claim that the tree roots caused the sidewalk to be raised. Defendant's attorney asserted that another photo, which plaintiff had taken after the accident, showed that tree roots did not have anything to do with the condition of the sidewalk when plaintiff fell.

The judge placed an oral decision on the record. The judge found that plaintiff had not shown any basis for reconsidering the order granting summary judgment to defendant. The judge stated that aside from the fact that the sidewalk slab was raised, there was no evidence to support the imposition of liability on defendant. The judge entered an order dated May 25, 2018, denying the motion. This appeal followed.

On appeal, plaintiff argues that the trial court erred by granting defendant's motion for summary judgment. She contends there is a genuine issue as to whether defendant was negligent in failing to fix a dangerous condition he allegedly created.

In reviewing an order granting summary judgment, we apply the same standard that the trial court applies when ruling on the motion. Globe Motor Co. v. Igdalev, 225 N.J. 469, 479 (2016) (quoting Bhagat v. Bhagat, 217 N.J. 22, 38 (2014)). The court should grant summary judgment when the evidence

before the court on the motion "show[s] that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c).

"An issue of fact is genuine only if, considering the burden of persuasion at trial, the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact." Ibid. The trial court should not hesitate to grant summary judgment "when the evidence 'is so one-sided that one party must prevail as a matter of law.'" Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)).

To succeed in a negligence action, a plaintiff must prove that: (1) the defendant owes the plaintiff a duty of care, (2) the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered actual damages. Brunson v. Affinity Fed. Credit Union, 199 N.J. 381, 400 (2009) (quoting Polzo v. Cty. of Essex, 196 N.J. 569, 584 (2008)).

Generally, a residential homeowner is not liable for a dangerous natural condition of a sidewalk that borders his or her property. See Luchejko v. City of Hoboken, 207 N.J. 191, 201-05 (2011). A residential property owner may,

however, be liable where the owner's actions create an artificial, dangerous condition on the abutting sidewalk. See Stewart v. 104 Wallace St., Inc., 87 N.J. 146, 152 (1981).

Furthermore, a residential property owner may be liable if "he plants a tree at a location which he could readily foresee might result in the roots of the tree extending underneath the sidewalk causing it to be elevated." Deberjeois v. Schneider, 254 N.J. Super. 694, 703 (Law Div. 1991) (footnote omitted), aff'd o.b., 260 N.J. Super. 518 (App. Div. 1992). In these circumstances, a fact-finder could determine that by planting the tree, the property owner caused a dangerous, artificial condition of the sidewalk. Id. at 703-04.

Here, plaintiff claims she tripped and fell on the sidewalk abutting defendant's residential property, which was raised about one and one-half inches. As the motion judge determined, however, plaintiff failed to present any evidence showing why the sidewalk buckled. Plaintiff suggested that defendant might have created an artificial, dangerous condition of the sidewalk because a tree had been planted near the sidewalk, but the tree had been removed several years before plaintiff fell. Plaintiff presented no evidence showing that the tree roots caused a dangerous condition to the sidewalk.

Plaintiff argues, however, that the motion judge erred by granting summary judgment because defendant conceded that he planted a tree on his property and that the tree's roots caused the sidewalk to buckle. She argues that these "admissions" alone are sufficient to create a genuine issue as to whether defendant was negligent by failing to fix the sidewalk. We disagree.

The record shows defendant conceded that he planted a tree in the front yard of his property solely for purposes of the motion for summary judgment. Defendant did not, however, concede that the tree's roots caused a dangerous condition to exist on the sidewalk.

Plaintiff further argues that defendant admitted causation in an answer to Question 4 of Form C(2) interrogatory, which asked:

> If prior to the accident or occurrence, you had actual notice or knowledge of the conditions, artificial or natural, alleged by the plaintiff to have caused or resulted in the accident or occurrence, state: (a) on what date you had such actual notice or first acquired such knowledge; and (b) the manner in which such notice or knowledge was received or acquired.

Defendant responded: "The plaintiff alleges that she fell over a rise in the sidewalk near the driveway of [defendant]. There was a tree in front of [defendant's] residence which was removed in October, 2013, prior to the

8

plaintiff's accident." This was not an admission that defendant caused a dangerous condition to exist on the sidewalk.

In addition, plaintiff presented the trial court with several photographs that depict the sidewalk where she fell. These include: two photos that plaintiff took after the accident; a photograph taken in 2011 of defendant's property that is publicly-available through the website Google and its Google Maps feature; and an undated photo that depicts a portion of the sidewalk. None of these photos would permit a fact-finder to draw a reasonable inference that the tree's roots caused the sidewalk to rise, thereby creating the alleged dangerous condition that existed in June 2015 when plaintiff fell.

In further support of her argument that the trial court erred by granting defendant's motion for summary judgment, plaintiff relies upon a statement that defendant's daughter made when she assisted plaintiff after plaintiff fell. According to plaintiff, defendant's daughter stated that "she had tripped on [the sidewalk] herself and . . . they knew it was a problem." This is not, however, evidence that would support an inference that the roots of the tree on defendant's property caused the sidewalk to become elevated.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9

A-5287-17T2